## Toledo, St. Louis & Western Railroad Company v. Sophia Christy.

1. CONTRIBUTORY NEGLIGENCE—*how to be determined.* The question of contributory negligence is, ordinarily, one of fact to be determined by the jury from all the facts and circumstances shown by the evidence. A court cannot be called upon to say to a jury that contributory negligence has been established as a matter of law, unless the conduct of the injured party has been so clearly and palpably negligent, that all reasonable minds would so pronounce it without hesitation or dissent. If the question is open to a difference of opinion, the jury must pass upon it.

2. CONTRIBUTORY NEGLIGENCE—*failure to look.* A failure to look for an approaching railroad train, when in the act of crossing a railroad track, precludes a recovery for personal injuries, where to have looked would have prevented the injury, and where there were no circumstances or conditions which justified such a failure, and there were no obstructions to the view.

Action on the case for personal injuries. Appeal from the Circuit Court of Shelby County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the May term, 1903. Reversed with finding of facts. Opinion filed October 12, 1903.

CHARLES A. SCHMETTAU and WALTER C. HEADEN, for appellant; CLARENCE BROWN, of counsel.

HAMLIN & KELLEY and TORRENCE & TORRENCE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case, brought by appellee against appellant, to recover damages for personal injuries alleged to have been sustained by her through the negligent management of one of its trains at a crossing. The declaration consists of three counts, the first averring a failure to give the statutory signals by bell or whistle; the second, excessive speed, and failure to give signals; and the third, negligence in the operation of said train. The plaintiff recovered a judgment for $1,275, from which the defendant appeals.

Special interrogatories were submitted to the jury upon the question as to whether or not the plaintiff was in the exercise of due care and caution at the time she was injured; to which answers were returned finding that she was, and that she could not have by the exercise of such care avoided the injury.

Peremptory instructions were offered by the defendant directing a verdict in its favor, both at the close of plaintiff's case, and at the close of all the evidence, both of which were refused.

The evidence tended to prove, substantially, the following facts:

The accident in which the appellee was injured, occurred at a highway crossing about two miles west of Cowden, Shelby county, Illinois, known as the Cochran crossing.

The Cochran road, on which this crossing is located, runs due east and west, and appellant's railroad, northwest and southwest, thus forming an acute angle, with the crossing at the apex.   The right of way at the crossing is sixty feet wide, and when the road reaches the right of way line from the east it turns abruptly to the north, so that the crossing itself is at right angles to the railroad track.   The country surrounding the crossing is flat, and the grade of the railroad track is from six to eight inches higher than that of the Cochran road.   Close to the crossing, on the north side, there is a cut twenty inches to two feet deep.   East of the crossing, about a quarter of a mile or more, the Cochran road runs into another highway running north and south, called the Kessler road.   There are three other crossings northeast of the Cochran crossing, along the railroad and between the Cochran crossing and the village of Cowden; the Lockhart crossing, one quarter of a mile from the Cochran crossing; the Kessler crossing, one quarter of a mile from the Lockhart, and the Curtis, one quarter from the Kessler crossing.   There is a down grade from Cowden to the Cochran crossing of about one-tenth to two-tenths per cent.   At the point of the crossing, the railroad runs in a curve of about three degrees, which starts from one-hundred fifty to three hundred feet east of the crossing and then turns toward the west.   On the right hand side of the road, approaching the crossing from the east, there is a number of bushes and briers which tended to obstruct a view of a train, and several trees which were five hundred thirty feet east of the crossing.   There was also a clump of trees and some shrubbery in the field from two hundred to three hundred feet from the right of way.   After passing the last tree on the highway, the view of the railroad was practically unobstructed.

On the morning of the accident, appellee, in a two-seated surrey drawn by two horses, drove from her home west to

the intersection of the Lockhart road with the Kessler road, a distance of from one to one and a half miles. She then turned and drove to a house a few yards south of the crossing of the Cochran and Kessler roads.

A few minutes later she drove back north to the turn of the Cochran road and then turned to the west and drove up that road toward the Cochran crossing which was about one-quarter of a mile distant.

She was wearing a sun bonnet with starched sides which covered her ears, and the sides of which projected beyond her face. When she reached the right of way about thirty feet from the crossing, she halted the horses, which she had been driving at a slow trot, into a walk, and as she came up to the crossing, slapped them twice on their backs with the reins, so that they dashed upon the crossing, and in front of the train, which was then within thirty-five feet of the crossing. The surrey was struck by the engine and appellee seriously injured. Appellee testified that when she halted the horses near the crossing, she listened but heard nothing, and that she neither heard nor saw the approaching train; that the first she knew of its presence was when the engine struck the surrey; that after she turned into the Cochran road she looked toward the east " as far as her vision could reach," but that she did not turn or look down the track in that direction toward Cowden, and that she looked straight at the crossing, and that the horses went steadily and she had no trouble in controlling them. She admitted that when she slowed up the horses as they entered upon the right of way, she could have seen the train had she looked toward Cowden, and could have stopped the horses; that she could have seen almost to Cowden, a distance of over two miles. The train was a freight train, running west; had left Cowden that morning, and was several hours late. It was from seven hundred to eight hundred feet long, and approached the crossing at the rate of about thirty miles an hour.

The fireman testified that he was in the cab of the locomotive on the left hand side; that when he first saw appel-

lee she was about sixty yards from the crossing; that when she slowed up the horses he thought she was going to stop and that when he first noticed her the train might possibly have been stopped, but that when she urged the horses the engine was only thirty to thirty-five feet from her, and that to have stopped the train in time to have avoided the accident would have been impossible.

If appellee was not at the time of her injury in the exercise of ordinary care for her own safety, and thereby contributed thereto, she cannot recover, and in such case, in the absence of proof of wilful negligence on the part of appellant, the question of its negligence becomes unimportant.

The question of contributory negligence is ordinarily one of fact for the jury, to be determined from all the facts and circumstances shown by the evidence. R. R. Co. v. Gunderson, 174 Ill. 495. A court can never be called upon to say to a jury that contributory negligence has been established, as a matter of law, unless the conduct of the injured party has been so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent. If the question is open to a difference of opinion, the jury must pass upon it. Ry. Co. v. Johnson, 135 Ill. 641; Brown v. Seigel, 191 Ill. 226.

It is, we think, clearly established by the evidence that after she turned into the Cochran road, appellee not only failed to look for a train in the direction of Cowden, but that she gazed straight ahead at the crossing, looking at only so much of the track toward the east as she could see without turning around; that there were no circumstances nor conditions which might have excused her; nothing occurred to divert her attention; that for five hundred and thirty feet before she reached the crossing, her view in that direction was not limited by any material obstruction, and that had she looked toward Cowden, which she could have done by turning around slightly, at any time before reaching the crossing, she would have seen the train in time to have avoided the collision. The fact that her range of vision was limited by her sun bonnet, and that the track

toward the east could only have been seen by her, for any considerable distance, by turning around, did not excuse her failure to do so, but simply increased the precautions necessary upon her part, to constitute ordinary care. Penna. Co. v. Frana, 112 Ill. 398.

We have carefully considered all the evidence upon the question, and are constrained to hold that the conduct of appellee, as shown thereby, was so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent.

Inasmuch as there can be no recovery under the facts in evidence, the judgment must be reversed, without remanding the cause.

*Reversed with finding of facts.*

Finding of facts, to be incorporated in the judgment of this court :

The court finds, as ultimate facts, that plaintiff was not in the exercise of ordinary care for her own safety, at the time of the accident, and that in consequence thereof, she received the injuries complained of in the declaration.