## Jacob Perry v. People's Gas Light and Coke Company.

### Gen. No. 11,869.

1. OBSTRUCTION—*when corporation maintaining, on public street, liable for injuries resulting from.* Notwithstanding such corporation under license from the municipality in which it is located, maintains a plug in a public street, yet if the same constitutes a nuisance and at the time of the injury complained of has so remained for a length of time sufficient to have charged such corporation with notice that it endangered the safety of the public, it is liable for an injury resulting therefrom.

2. CONTRIBUTARY NEGLIGENCE—*when person traveling upon public street not guilty of.* A person traveling upon a used and frequented street has a right to presume and to act upon the presumption that such street is reasonably safe for ordinary travel throughout its entire width, and is not bound, at the peril of being held guilty of contributory negligence, to keep his eyes constantly upon the street in search of possible defects.

3. ORDINARY CARE—*how question of, determined.* The question of the exercise of due care, or the want of it, upon the part of the plaintiff, is primarily for the jury. It is not a question of law to be determined by the court, unless as shown by the evidence the conduct of the plaintiff is so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent. If the case is open to difference of opinion, the jury must pass upon it.

Action on the case for personal injuries. Error to the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed March 27, 1905.

UTT BROS. & HOUSE, for plaintiff in error.

SEARS, MEAGHER & WHITNEY, for defendant in error; NATHANIEL C. SEARS and JAMES F. MEAGHER, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Plaintiff in error brought suit against defendant in error to recover damages for injuries sustained by him, caused, as he alleges, by the negligence of the defendant. At the request of the defendant, and at the close of the plaintiff's case

the trial court gave to the jury a peremptory instruction to return a verdict for the defendant.

On this writ of error the plaintiff questions the correctness of the foregoing ruling.

It appears from the evidence that in the travelled part of roadway of 106th street, in the city of Chicago, there was placed about 6 feet from the south curb line, an iron gas plug four or more inches square, which stood from 4 to 6 inches above the surface of the street. This plug had been there in that condition for more than the month and possibly for more than the year next preceding the happening of the accident in question. This plug and the gas pipes and mains with which it was connected were laid in the street by the Pullman Gas Company. It was admitted on the trial "that the defendant Company purchased from the Pullman Company the pipes and other appliances in the town of Pullman, including this gas plug, as it is called, and valve boxes, in the year 1889." The evidence also tends to prove that prior to the accident the servants of the defendant were working at this plug, and that the defendant sold its gas, conducted through these pipes, to residents in that vicinity. There was no other gas plant in that part of the city.

In the forenoon of July 30, 1901, the plaintiff, seated in a one-horse wagon, was driving west along 106th street. As he approached the place of the accident he overtook a loaded coal wagon and turned to the left to pass it. When opposite the coal team the left front wheel of his wagon struck the gas plug, and he thereby was thrown to the ground and injured.

The defendant, to sustain the action of the trial court contends, first, that it was not guilty of maintaining a public nuisance nor guilty of any negligence in the maintenance or operation of its system; second, that whether it was a public nuisance or not, the defendant, being the grantee of the property, could not be liable until after notice; and third, that the plaintiff was guilty of contributory negligence.

There is nothing in this record to show that the city had established the grade at 106th street, other than the fact

Perry v. People's Gas Light & Coke Co.

that the roadway had been macadamized for a number of years prior to the accident. There is evidence tending to show that as the macadam wore away, the city repaired it and kept it in shape. Whether the roadway was paved before or after this plug was put in by the Pullman Company is not shown. Nor is there any evidence tending to establish the height of the top of this plug when it was set in place, as compared to the then level of the roadway. But the evidence does show that for a year prior to the accident it had stood from 4 to 8 inches above the surface of the travelled roadway, and that there was no depression around this plug. As it thus stood it was a permanent and dangerous obstruction in the public street, and was therefore a public nuisance. "Any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance *per se,* and may be abated, notwithstanding space is left for the passage of the public. * * * Thus expediency forbids any other rule. But even if it did not, the rule is well founded in principle, for it is well settled that the public are entitled not only to a free passage along the highway, but to a free passage along any portion of it not in the actual use of some other traveller." Elliott on Roads and Streets, 478. If this plug was a public nuisance at the time of the accident, and had been such for so long a time prior thereto that the defendant should have known, in the exercise of ordinary diligence, that as it stood it endangered the safety of the public who had occasion to pass and did pass that way, then the defendant is liable in damages to a traveller who, while in the use of due care for his personal safety, was thereby injured.

So far as liability of the defendant is concerned, it is immaterial whether or not the city gave it, or its grantor, the Pullman Company, permission to lay down this system of gas pipes, and to place this gas plug in the street. The city holds its streets in trust for the use of the general public, and it cannot render legal any unlawful use or occupation of them. The consent of the city would not change the situation, except in this, that there would then be two wrong-

doers instead of one, either or both of whom would be liable in damages in a proper case. The defendant could obtain no license that would relieve it from the consequences of its own carelessness. People v. Harris, 203 Ill. 272; Leahan v. Cochran, 178 Mass. 566; Matthews v. Mo. P. Ry. Co., 26 Mo. App. 75.

It is said there is no proof that the defendant ever made use of this plug or of the bit of pipe immediately beneath it. While there is evidence tending to prove that the defendant, through its servants, worked upon or around this plug prior to the accident, the denial that it did so will not help it. The defendant either put in this plug, or bought it as a part of its general plant for the distribution of gas from the Pullman Company in 1889. It must be held to know what it purchased, and it had eleven years in which to ascertain whether or not this plug was so situate as to be a menace to the traveling public.

The final contention of the defendant is that the contributory negligence of the plaintiff, as shown by the evidence, justified the peremptory instruction. That one who looked for this plug in daylight could have seen it, is beyond doubt. But the plaintiff in passing the loaded wagon was interested in seeing that he could go by in safety. He was approaching and very near to a cross street, and would naturally look to see if that highway was clear. As he sat on the right side of the driver's seat his horse may have hidden from him the locality of this plug which was in front of him and to his left hand. Besides these things, one who is traveling upon a used and frequented street has a right to presume, and to act upon the presumption, that such street is reasonably safe for ordinary travel throughout its entire width; and he is not bound to keep his eyes constantly upon the street in search of possible defects. Chicago v. Babcock, 143 Ill. 363; East Dubuque v. Burhyte, 173 Ill. 553; Spring Valley v. Gavin, 182 Ill. 233. The question of the exercise of due care, or the want of it, upon the part of the plaintiff is primarily for the jury. It is not a question of law to be determined by the court, unless as shown by the evidence

the conduct of the plaintiff is so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent. If the case is open to difference of opinion, the jury must pass upon it. L. S. & M. S. Ry. Co. v. Johnsen, 135 Ill. 647; T. St. L. & W. Ry. Co. v. Christy, 111 Ill. App. 247, and cases cited; Woodman v. Ill. Tr. & Sav. Bk., 211 Ill. 578. Under the evidence we cannot say, as matter of law, that the plaintiff was guilty of such contributory negligence as ought to bar a recovery. This question should have been submitted to the jury as one of fact.

For the reasons given the judgment of the Superior Court is reversed and the cause is remanded.

*Reversed and remanded.*