## Chicago City Railway Company v. Joseph L. Kenyon.

### Gen. No. 13,384.

1. NEGLIGENCE—*when maintenance of obstruction in street constitutes.* An obstruction placed in a street, with or without municipal permission, and there negligently maintained, which causes injury, confers a cause of action.

2. CONTRIBUTORY NEGLIGENCE—*how question of whether rapid driving constitutes, determined.* Rapid driving in a street is not *per se* and necessarily reckless or negligent driving constituting contributory negligence as a matter of law. The question is one ordinarily to be determined by the jury.

3. VERDICT—*when not excessive.* A verdict reduced by *remittitur* to $3,000, rendered in an action for personal injuries, is not excessive, where it appears that the injury complained of resulted in a fracture of the right femur.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. LINUS C. RUTH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed November 8, 1907.

**Statement by the Court.** This is an appeal from a judgment in favor of appellee for personal injuries claimed to have been caused by reason of appellant's negligence.

The accident occurred on Sixty-ninth street, near its intersection with Loomis street, the evening of February 18, 1903. Appellee was chief of battalion in the fire department of Chicago. His headquarters were at Wentworth avenue and Sixty-fourth street. For some days previous, appellant had been dumping cinders from cars on its railway tracks on Sixty-ninth street, which cinders it was delivering there to one McDonald, a contractor, for use in building sidewalks. At the time of the accident a pile of cinders had accumulated

on the street, which pile extended, it is said, at least forty feet along the railway and was over two feet in height. The injuries complained of were occasioned by the overturning of a one-horse buggy or wagon in which appellee was driving west on Sixty-ninth street, in response to a fire alarm. There was no light at the street corner at that time and no red light or danger signal at the pile of cinders to indicate the presence of any obstruction on the street. As a result, appellee drove into the pile, his horse and buggy were overturned, and he fell under the buggy, suffering a fracture of the right femur.

McDonald, to whom the cinders were sold, was laying sidewalks for private parties, at a point about two blocks distant from the place where they were dumped for delivery to him by appellant. They had not been hauled away as rapidly as they were delivered, and the pile gradually increased from day to day. It appears that Sixty-ninth street at that point was paved with cedar blocks in fair condition, that the neighborhood was not thickly settled and the street was less used than in more thickly settled localities. All that the appellant did with the cinders at this point was to unload them, clearing them away from its own tracks, so that the street cars could go by. It appears to have been the habit of McDonald, the contractor, to place a red light upon the pile, but on the night in question his lantern had no oil, and he took it home when he went to supper and filled it, returning later, but apparently after the accident, and placing it on the pile. There was some snow on the ground, but it had melted from the warm cinders. The buggy was being driven, when it reached the place of the accident, with the right wheel outside of the north railway track and at a speed of about nine or ten miles an hour. Appellee had served in the fire department twenty-six years, commencing as a private and filling successively positions of lieutenant, captain, assistant fire marshal and chief of battalion.

The action was brought against the city of Chicago as well as appellant. The jury found the city not guilty, and returned a verdict finding appellant guilty, assessing appellee's damages at $4,000. Appellee remitted $1,000 and judgment was entered for $3,000.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged in behalf of appellant that the judgment should be reversed upon the ground that the verdict is not justified by the evidence, and that it is against the manifest weight of the evidence; and also for errors alleged to have occurred in the instructions to the jury.

It is urged that to entitle appellee to recover under the declaration he was bound to prove that appellant acted without authority in dumping the cinders upon the street, that the duty devolved upon appellant to see that a light was placed upon them and that its failure to do this was negligence. The contention is that it was necessary for appellee to prove affirmatively that the cinders were dumped on the street without the authority of the city. It was certainly open to appellant, if it had any such authority, to prove it as matter of defense. If we assume, as claimed by appellant, that the city under its power "to regulate the use" of streets and to "remove encroachments or obstructions upon the same" had authority to permit the use of the public street in such manner, when the material was purchased by a private contractor for his own use in constructing sidewalks for private persons upon other city streets, certainly the burden of such proof was not upon appellee. But the criminal law of this state makes it a nuisance "to obstruct or encroach upon public highways" punishable by fine, and pro-

vides that it "shall be no defense to any proceeding under this section that the nuisance is erected or con-- tinued by virtue or permission of any law of this State." Sections 221-2, Criminal Code, Rev. Stat. It is well-settled law that no one has a right to do any act which renders the use of a street less secure than it was left by the municipal authorities. If such act is committed, the person who creates or continues the nuisance is liable to anyone who, using due care, sus- tains special injury therefrom, "irrespective of the question of negligence on his part." Dillon on Munici- pal Corp., vol. 2, sec. 794; Clark v. Lake, 2 Ill. (1 Scam.) 230-231; Weick v. Lander, 75 Ill. 93-98; Perry v. P. G. L. & C. Co., 119 Ill. App. 389-392. We incline to the view suggested by appellee's counsel that not even the city itself had the right to allow an obstruction of this character to be maintained upon its highways for the convenience of private persons in a negligent man- ner, as in the case at bar. See, also, West Chicago Street Ry. Co. v. Annis, 165 Ill. 475-479; Chi. Cold S. Co. v. The People, 224 Ill. 287-291; Perry v. People's Gas L. & C. Co., 119 Ill. App. 389-392. In the latter case it is said that one traveling upon a frequented street has a right to act upon the presumption that such street is reasonably safe for ordinary travel,. and "is not bound to keep his eyes constantly upon the street in search of possible defects."

That there was no light to indicate the presence of the obstruction at the time of the accident is clear from the evidence. It is true that appellee was driving rapidly in response to an alarm of fire, and that if his wheels had been within the line of appellant's railway tracks they would not have hit the obstruction. But the fact that he was thus taking chances of hitting an obstruction of which he was unaware and had no reason to anticipate is not necessarily evidence of want of ordinary care. The undisputed evidence tends to show that the direct cause of the injury was the obstruction in the street negligently left unlighted and unguarded.

Rapid driving is not *per se* and necessarily reckless or negligent driving constituting contributory negligence as a matter of law, and the verdict of the jury must be deemed conclusive of the question of fact. There is no evidence that appellee was driving at a rate of speed nor in a place or manner "calculated to endanger the safety of persons or property in the streets or alleys of said city" in violation of the ordinance relating to the fire department cited by appellant. Sec. 647, Art. VI, Ordinances of Chicago. He was no doubt taking "the usual risks of an employment of a dangerous character, but he did not assume the risks of the insecurity of streets resulting from the culpable negligence" of the appellant. Farley v. The Mayor, 152 N. Y. 222-227.

It is urged that there was error in a certain instruction given at the instance of appellee. The contention is that "it invaded the province of the jury in that it informed them that the supposed conduct of appellant therein described constituted negligence." We are not able to concur in this contention. If it were true that as a matter of law "the acts of the defendant mentioned in the instruction did not necessarily constitute negligence" as in Chicago City Ry. Co. v. Dinsmore, 162 Ill. 658, cited by appellant's counsel, then the instruction would have been erroneous. But the jury were told that if they believed from the evidence that appellant placed a pile of cinders upon the street and permitted it to remain there for several days before the accident, that it constituted a dangerous obstruction to vehicles on the street, that it was necessary to the reasonable safety of persons traveling in vehicles at night upon said street that a danger signal light should be maintained upon the pile of cinders, that none was so maintained at the time and place in question and further believed from the evidence that as a direct result and in consequence of the pile of cinders and absence of a light thereon, the plaintiff was injured, then they should find defendant guilty, pro·

vided they further believed from the evidence that the plaintiff was exercising ordinary care for his own safety. We are of opinion that if the jury found from the evidence the facts to be as stated in the instruction, such facts did constitute negligence as a matter of law. We do not concur in appellant's contention that there is no evidence tending to show that appellant permitted the cinders to remain on the street, nor in the further contention that there is evidence tending to show that appellee had, in fact, before the accident knowledge of the presence of the cinders there.

It is urged that the damages are excessive. The verdict was $4,000, and at the instance of the trial court $1,000 was remitted. There is evidence which we think fully justifies the judgment for $3,000. Finding no material error the judgment of the Circuit Court must be affirmed.

*Affirmed.*