146    APPELLATE COURTS OF ILLINOIS.

Kennedy v. Alton, Granite & St. Louis Trac. Co., 180 Ill. App. 146.

## Peter J. Kennedy, Appellee, v. Alton, Granite & St. Louis Traction Company, Appellant.

1. INTERURBAN RAILROADS—*injuries at crossings.* A judgment in favor of plaintiff for damages to his team and wagon from a collision with defendant's interurban car is reversed without remanding where the evidence shows that plaintiff's agent in driving upon the tracks was guilty of negligence which contributed to the injury.

2. NEGLIGENCE—*master charged with negligence of servant.* Where plaintiff sues to recover for injury to his team and wagon, the negligence of the driver, plaintiff's servant, is the negligence of plaintiff.

Appeal from the Circuit Court of Alton; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the October term, 1912. Reversed with finding of facts. Opinion filed April 23, 1913.

WILLIAMSON, BURROUGHS & RYDER, for appellant.

JOHN J. BRENHOLT, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This suit was brought by appellee against appellant, to recover damages for an alleged injury to a wagon and the killing of a team of horses in a collision with the appellant's interurban electric car on February 22, 1911, in Alton, Illinois, at a crossing where Indiana avenue intersects Milton road and appellant's right of way.

The case was tried by a jury and resulted in a verdict for $350 in favor of the plaintiff, and the court having overruled defendant's motion for a new trial, entered judgment on the verdict, to reverse which the defendant prosecutes this appeal.

In order to maintain his case the plaintiff under the pleadings is required to establish by the evidence two material averments of his declaration, viz., the

negligence of the defendant in the operation of its car, and the exercise of ordinary care by the driver of the team and wagon.

There is some evidence tending to show the negligence charged against the defendant in failing to blow a whistle as the car approached the crossing where the accident occurred and also that the car was running at an unusual and unreasonable rate of speed at that point and on those questions we would not feel at liberty to say the jury were not warranted in finding against the defendant. When, however, we come to consider the evidence of the due care of the driver of the horses and wagon and whether his conduct at the time shows negligence on his part which contributed to the injury of the team and wagon, the strength of plaintiff's evidence loses its probative force and clearly fails to show legal liability.

The driver of the team, a brother of the plaintiff, was a man about forty-one years old, who was driving a milk wagon delivering milk to customers. About nine o'clock on a cold, snowy February morning he was driving westward on Milton road on the outskirts of the city of Alton. His milk wagon had doors on each side and a small window in front. The road or street along which he was driving was paved with brick and he was driving his team near to the curbing, along the south side of the street, as he approached the intersection of said street and Indiana avenue where the collision with defendant's car took place. The defendant's right of way is immediately south of the Milton road or street curbing and intersects Indiana avenue where the Milton road and Indiana avenue intersect each other. The defendant's tracks are not more than ten feet from said curbing. The car which struck the team was going in the same direction as the team, prior to the time the driver turned south at Indiana avenue to cross the defendant's tracks. The driver's testimony as to what he did im-

148    APPELLATE COURTS OF ILLINOIS.

Kennedy v. Alton, Granite & St. Louis Trac. Co., 180 Ill. App. 146.

mediately before he drove on to the tracks is, "I opened both doors of the wagon and looked out. I looked east and saw nothing and I looked west and saw a freight standing about three blocks toward Alton. I had my team under control, driving very slowly, and seen nothing and heard nothing—until my team reared on the track and just as I got on the track the car blew a whistle. In looking eastward I could see about three blocks."

The testimony of three witnesses, who were standing at the crossing waiting for the car to pass, is, that they saw the driver as he was approaching the crossing before he turned south to cross the track and fearing he would attempt to cross in front of the car they sought to attract his attention by waving their arms and hallooing to him; that at that time the car was nearing the crossing and plainly seen by them; that they did not see the driver open the doors of the wagon or look out; that he did not check his team at their warning; that they were not over thirty feet from the team at the time they gave a signal to him. Some of the witnesses testified on behalf of the plaintiff that they saw the accident and did not see the three witnesses above referred to, at the crossing, nor did they hear any one shout to the driver as he started to cross the tracks.

The conductor and motorman who were on the car at the time testified they saw the driver going along the road parallel to their railroad tracks about the time they left the car sheds which are some 1,400 feet east of Indiana avenue. The motorman says that as the car approached to within twenty or twenty-five feet of the crossing the driver of the wagon suddenly turned his team south off of Milton road or straight on to the tracks and at once the collision took place.

The foregoing statements of facts contain substantially all the evidence that bears on the question of due care or the want of due care.

Kennedy v. Alton, Granite & St. Louis Trac. Co., 180 Ill. App. 146.

From this evidence it is impossible to reconcile the driver's statement that he looked eastward just before he attempted to cross the railroad track and did not see the approaching car, when the car must have been less than one hundred feet from the crossing, at the time when he says he looked. There was nothing to obstruct his view. eastward for eight hundred or more feet.

The people waiting at the crossing saw it and we must conclude from the undisputed evidence that had the driver looked as he claimed he did, he would have seen the car, and seeing it could have avoided the injury.

If he did not look then, under the circumstances he was not exercising due care. *Chicago, P. & St. L. R. Co. v. DeFreitas*, 109 Ill. App. 104; *Michigan Cent. R. Co. v. Cudahy*, 119 Ill. App. 331; *Chicago, R. I. & P. R. Co. v. Jones*, 135 Ill. App. 384.

The uncontroverted facts carry us to the inevitable conclusion to which all reasonable minds must arrive that the driver of the team by his conduct in attempting to cross the tracks at the time and in the manner that he did was guilty of negligence, which contributed to the injury complained of and the established rule of law operates as a bar to any recovery in the case. *Wierzbicky v. Illinois Steel Co.*, 94 Ill. App. 400; *Cicero & P. St. Ry. Co. v. Snider*, 72 Ill. App. 300; *North Chicago St. Ry. Co. v. Eldridge*, 151 Ill. 549.

That the negligence of the driver, who was servant of the plaintiff was the negligence of the plaintiff, needs no citation of authority.

The judgment of the Alton City Court is reversed without remanding, with the following finding of facts: We find that the plaintiff by his servant was guilty of negligence which contributed to the injury complained of.

*Reversed with finding of facts.*