2. FRAUD, § 100*—*when evidence as to worthlessness of note improperly excluded.* In an action for damages for fraudulently representing that a note and mortgage accepted by plaintiff on an exchange were good and that the maker was solvent, *held* that evidence that defendant had, prior to the exchange, traded the note to a third person who, upon finding that the note was worthless, compelled defendant to take it back upon threat of a criminal prosecution, was improperly excluded.

### George J. Stein, Administrator, Appellee, v. Chicago & Eastern Illinois Railroad Company et al., Appellants.

## (Not to be reported in full.)

Appeal from the Circuit Court of Franklin county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 17, 1916.

## Statement of the Case.

Action by George J. Stein, administrator of the estate of Elizabeth Stein, deceased, plaintiff, against the Chicago & Eastern Illinois Railroad Company and William J. Jackson and Edwin W. Winter, receivers, defendants, in the Circuit Court of Franklin county, to recover for the death of plaintiff's intestate as a result of the alleged negligence of defendants' servants in operating one of its passenger trains in Benton, Illinois. From a judgment for plaintiff for $2,500, defendant railroad company appeals.

The action was brought by plaintiff under the statute to recover damages to the next of kin on account of the death of Elizabeth Stein. It appeared from the evidence that on Decoration Day, May 30, 1914, at a little after eight o'clock in the morning, when the air

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was quiet and there were no noises, plaintiff with his wife, Elizabeth Stein, were going south on South Main street and had reached the north side of the railroad crossing. She was a woman sixty-seven years of age, weighing 190 to 195 pounds, with no unusual infirmities. She was walking four or five feet in the lead of her husband, carrying a basket of flowers while he followed with a bucket of water. She started to cross the track and while about to step from the south side was struck by an engine attached to one of defendant's passenger trains going southwest. She was thrown from 75 to 100 feet by the impact and received injuries which caused her immediate death.

Emory Ligon testified: "I think that at the crossing you could see a train approaching as the cut is not very deep. * * * I know there is a cut there because you have to go down a slant to cross the railroad. From that point south to the east on the railroad crossing I do not think there is anything to hinder a person from seeing an approaching train if he looks." Philip Schrade testified: "A person walking along South Main street just north of the C. & E. I. crossing could see an approaching train; at times you could see it 200 or 300 yards." These witnesses were all called on behalf of plaintiff, who himself testified: "When we first observed the train, Mrs. Stein was just a few feet from the right-hand rail of the C. & E. I. Railroad, three or four or five feet, something like that. When I first saw the train I hollered to her not to try to cross. * * * I saw the train coming. I suppose at that time she could have seen the train if she had looked, but guess she thought she could get across."

On the part of defendant two witnesses, Jacob and Anna Horine, who were up the street behind Mrs. Stein and are in no ways interested in the event of the suit, swore she stopped and looked at the train and then started to run across the track and beat the train.

HOLMES & DILLON, for appellants.

W. P. SEEBER and T. M. WEBB, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 157*—*what plaintiff must prove in action for negligent death of intestate.* In an action to recover for the death of plaintiff's intestate as the result of the alleged negligence of defendant, it is necessary, in order to warrant a verdict of guilty that plaintiff prove not only that defendant was negligent, but also that plaintiff's intestate was in the exercise of due care.

2. RAILROADS, § 678*—*when person approaching railroad crossing guilty of contributory negligence.* One who approaches a railroad crossing without seeing an approaching train when the surroundings are such that she would have seen it had she looked, or who seeing the train attempts to cross in front of it, in either event fails to exercise reasonable care in approaching and going on the crossing.

## Adolph Thomas, Appellee, v. Ohio Coal Company, Appellant.

1. WATERS AND WATER COURSES, § 32*—*what is nature of damages for pollution of natural water course.* Damages sought for the pollution of a natural water course which flows through plaintiff's pasture and in which he waters his stock are possessory damages.

2. WATERS AND WATER COURSES, § 32*—*what plaintiff must prove in action for damages for pollution of natural water course.* In an action to recover for damages sustained by the pollution of a natural water course on plaintiff's land, where plaintiff seeks possessory damages only, it is only necessary for plaintiff to prove that he was in possession and control of the premises in question during the whole time for which he seeks damages.

3. WATERS AND WATER COURSES, § 29*—*when evidence sufficient to show pollution of water course.* In an action to recover for the