## Pauline Vastardes, Administratrix, Appellee, v. Chicago & Alton Railroad Company, Appellant.

1. RAILROADS, § 742*—*when giving of warning to pedestrian at crossing is question for jury.* In an action against a railroad company for the death of a pedestrian at a street crossing, where the evidence is conflicting, it is a question for the jury whether the bell of the engine was continuously rung and the whistle sounded in approaching the crossing.

2. RAILROADS, § 695*—*what is necessary allegation in declaration in action for injury to pedestrian at street crossing.* The allegation in the declaration, in an action against a railroad company for the death of a pedestrian at a street crossing, that the deceased was in the exercise of due care and caution for his own

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vastardes v. Chicago & Alton R. Co., 210 Ill. App. 546.

safety at the time of the accident, is a necessary and material allegation and must be proved.

3. NEGLIGENCE, § 198*—*when question for court whether injured person was guilty of contributory negligence.* While, where reasonable minds would differ from the evidence as to whether or not it was sufficient to prove that an injured person had been in the exercise of due care for his safety, the court should submit the case to the jury, yet, if there is no evidence tending to prove that a person, since deceased, was in the exercise of due care and caution for his own safety as a person of ordinary prudence would exercise under the same circumstances, the court should hold as a matter of law that such person would be guilty of contributory negligence.

4. RAILROADS; § 667*—*when failure of one approaching crossing to look and listen precludes recovery.* Where one approaches a railroad crossing upon a highway it is his duty to look and listen for approaching trains if a reasonably prudent person so situated would look and listen, and a failure to so look and listen precludes a recovery where to have looked and listened would have prevented the injury, and where there were no circumstances or conditions justifying such failure to look and listen.

5. RAILROADS, § 667*—*when person approaching crossing is guilty of contributory negligence.* One who approaches a railroad crossing, at which there is no obstruction hindering a view of an oncoming train, and, although the flagman endeavors to warn him he is apparently preoccupied with something else and pays no attention to the warning and goes on the track and is struck by the train, is guilty of contributory negligence, as a matter of law.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1917. Reversed with finding of facts. Opinion filed April 5, 1918.

C. E. POPE, for appellant; SILAS H. STRAWN, of counsel.

JOHN J. BRENHOLT and TERRY, GUELTIG & POWELL, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

This appeal is prosecuted by appellant to reverse a judgment for $3,500 rendered by the Circuit Court of Madison county in favor of appellee, as administratrix of the estate of her deceased husband, Anton Vastardes, for damages for the death of said intestate, alleged to have been caused by the negligent operation of appellant's train.

The declaration consists of four counts. The first count alleges negligence generally in the operation of said train. The second count charges a failure to cause a bell to be rung or whistle to be sounded as provided by statute. The third count alleges a violation of the ordinances of said city limiting the speed of freight trains running through said city to 10 miles per hour. The fourth count charges that appellant operated its said train along its said track to and across Plum street in said city, without any warning, at a high and dangerous rate of speed, and further alleges a failure to keep the bell on said locomotive ringing continuously while approaching said crossing, in violation of the ordinances of said city. All of said counts allege due care on the part of appellee's intestate prior to and at the time of the injury.

Said cause has been tried three times. On the first trial the court directed a verdict in favor of appellant. A new trial was granted resulting in a verdict for appellee for $1,750. This verdict was set aside and on the third trial a verdict was returned for $3,500. A new trial was denied by the court and judgment rendered thereon. To reverse said judgment this appeal is prosecuted as above set forth.

The record discloses that appellant owns and operates a railroad passing through the City of Alton and across a street known as Plum street. Near this point is the plant of the Illinois Glass Company. Immediately north of the glass works is the main track of appellant, which extends in an easterly and westerly direction along the side of the fence separating the

right of way of the railroad from the plant of said Glass Company. Just north of appellant's main track lie the tracks, five in all, of the Big Four Railroad Company, the one nearest the Chicago and Alton tracks being the main line of the Big Four. All of these tracks occupy a right of way of about 100 feet. Immediately north of and parallel to the northerly track of the Big Four is Second street, the street and railroad tracks being separated by the street curb only. Plum street crosses said railroad tracks and Second street and extends northwardly therefrom.

At the junction of the right of way of appellant and the property line of the Illinois Glass Company at Plum street are located gates leading into said glass plant. At these gates is also stationed a shanty used by a watchman in the employ of said Glass Company.

The record discloses that on February 14, 1914, appellee's intestate at about 10 o'clock a. m. walked on Plum street, across Second street and onto the tracks and right of way of the Big Four, evidently intending to enter the factory of said Glass Company. He passed across the Big Four tracks and stepped immediately in front of an approaching train of appellant's in front of the gates above referred to and was struck and killed.

Appellant insists that the court erred, first, in denying the motion made by it at the close of appellee's evidence and again at the close of all the evidence to direct a verdict in its favor; second, in admitting in evidence a certain ordinance of said city for the regulation of the speed of trains, ringing of bells, etc.; third, in refusing certain instructions offered by appellant; and lastly, that the verdict is against the manifest weight of the evidence.

In our view of the record it will not be necessary to pass on the assignment of error with reference to the ruling on the evidence or instructions. The record discloses that there was a sharp conflict in the evidence

with reference to whether or not a bell was rung and whistle sounded as appellant's train approached the Plum street crossing, where the injury occurred. A large number of witnesses on the part of appellee testified that they were in a position to observe and know whether a bell was rung or whistle sounded if the same occurred, and that they heard none. On the other hand, appellant's trainmen in charge of the engine in question all testified that the bell was continuously rung and the whistle was sounded as it approached said crossing. It was therefore a question for the jury to determine. There was also a conflict in the evidence with reference to the speed of the train as it approached said crossing. The evidence with reference to said speed varying from 10 to 30 miles, the preponderance of the evidence being to the effect that the train was running at about 15 to 20 miles per hour at said time. The jury were therefore warranted in finding that appellant was negligent in the operation of said train at the time of the injury.

The principal question in this case is whether or not appellee's intestate was in the exercise of due care for his own safety prior to and at the time of the injury. There were four eyewitnesses to the accident, one a barber by the name of Roach, whose shop was in a two-story building at the northwest corner of Second and Plum streets, Joe Boelino and said watchman, both of whom were in the shanty. Said watchman died prior to the first trial. Roach, a witness for appellee, was shaving a customer at the time the accident occurred, and testified that he looked out of his shop and saw deceased walking towards the plant of the Glass Company and that when he first saw him he was on the tracks of the Big Four; that he observed the train coming and also observed that if deceased did not stop a collision was inevitable; that deceased did not stop, but walked directly in front of the approaching train and was struck. This witness further

testified that deceased walked directly across the tracks and looked neither to the right nor to the left, and seemed to be hurrying to his work.

Meyers, who was in a room above the barber shop, saw the approaching train and saw it strike deceased. He testified deceased had the collar of his coat turned up, his cap pulled down over his ears; that he was walking hurriedly towards the gates leading into the glass plant; that he walked directly in front of the approaching train without having turned his head to look in either direction during the time he observed him. This witness also observed the watchman in the shanty motioning, endeavoring to attract deceased's attention to the oncoming train.

Boelino, who was with the watchman in the shanty, saw the approaching train, saw deceased as he was coming towards the C. & A. tracks and heard the watchman yell and motion to him. He also testified that the warning was not heeded by deceased and that deceased had his cap pulled down over his ears.

The allegation in the declaration that the deceased was in the exercise of due care and caution for his own safety at the time of the accident was a necessary and material allegation and must be proved. *Newell v. Cleveland, C., C. & St. L. Ry. Co.*, 261 Ill. 505; *Gibbons v. Aurora, E. & C. R. Co.*, 263 Ill. 271; *Jorgenson v. Johnson Chair Co.*, 169 Ill. 429. And while the law is that where reasonable minds would differ from the evidence as to whether or not it was sufficient to prove that an injured person had been in the exercise of due care for his own safety, the court should submit the case to the jury, the law further is that if there is no evidence in the record fairly tending to prove that a deceased person was in the exercise of such care and caution for his own safety as a person of ordinary prudence would exercise under the same circumstances, the court should hold as a matter of law that such deceased would be guilty of contributory

negligence. *Gibbons v. Aurora, E. & C. R. Co., supra; Livingston Warehouse & Van Co. v. Aurora, E. & C. R. Co.*, 170 Ill. App. 244; *Stein v. Chicago & E. I. R. Co.*, 199 Ill. App. 48.

Where one approaches a railroad crossing upon a highway it is his duty to look and listen for approaching trains if a reasonably prudent person so situated would look and listen, and a failure to so look and listen precludes a recovery where to have looked and listened would have prevented the injury, and where there were no circumstances or conditions justifying such failure to look and listen. *Chicago, R. I. & P. Ry. Co. v. Jones*, 135 Ill. App. 380; *Toledo, St. L. & W. R. Co. v. Christy*, 111 Ill. App. 247; *Kennedy v. Alton, Gr. & St. L. Traction Co.*, 180 Ill. App. 146; *Stein v. Chicago & E. I. R. Co.*, 199 Ill. App. 48.

The record discloses that there was no obstruction to hinder appellee's intestate from seeing an approaching train at the Plum street crossing, and that the flagman tried to warn and stop him from going upon said track. Appellee's intestate appeared to be preoccupied with something else and gave no attention to said warning. So far as the evidence discloses, no care whatever was exercised by appellee's intestate prior to and at the time of his injury for his own safety, and under the authorities above set forth it was the duty of the court as a matter of law to find that appellee's intestate was guilty of contributory negligence, and the court therefore erred in refusing to direct a verdict in favor of appellant.

The judgment of the trial court will therefore be reversed.

*Reversed with finding of facts.*

Finding of facts. We find as the ultimate facts in this case that appellee's intestate was not in the exercise of due care for his own safety prior to and at the time of the injury as charged in appellee's declaration, and that there was nothing to obstruct his view at the

crossing in question and that there was nothing to distract his attention at the time, and that without either looking or listening he walked in front of appellant's train and through his negligence and want of care met the injury which caused his death.