C. C. Emerick, Appellant, v. Chicago Great Western Railroad Company, Appellee.

RAILROADS: Accidents at Crossings—Negligence Per Se. A traveler who, being in full possession of his senses of sight and hearing, and without diverting circumstances, drives, between sundown and dusk, upon a railway, and assumes, without investigation, that a moving engine is in fact a stationary box car, is guilty of negligence *per se.*

Headnote 1: 33 Cyc. pp. 1038, 1127.

*Appeal from Pottawattamie District Court.*—J. B. ROCKAFEL-
LOW, Judge.

FEBRUARY 17, 1925.

ACTION to recover damages for personal injuries received
at a street crossing on the line of defendant. Directed verdict
for defendant, and plaintiff appeals.—*Affirmed.*

*Kimball, Peterson, Smith & Peterson,* for appellant.

*Saunders & Stuart* and *Carr, Carr & Cox,* for appellee.

ARTHUR, J.—Appellant resides on and operates a small dairy
farm near the school for the deaf, southeast of Council Bluffs.
He marketed the products of his dairy in Council Bluffs and
Omaha, reaching the former place over a paved highway known
as the "Pioneer Trail," and as South Avenue in the city of
Council Bluffs. South Avenue crosses Tostevin Street in a
northwesterly and southeasterly direction. Tostevin Street lies
due north and south. Appellee's line of railway substantially
parallels South Avenue, and crosses Tostevin Street about 190
feet from its intersection with South Avenue. Tostevin Street
is crossed by two tracks. Southeast of the crossing is an eleva-
tor, a tool house, and several switching tracks.

On the evening of June 5, 1920, appellant arrived at the
railway crossing on Tostevin Street from his dairy farm, with
a load of cans containing milk, in a vehicle drawn by one horse.
The exact location of the elevator with reference to the inter-
section of South Avenue with Tostevin Street is not shown, but
it is some distance to the southeast. Appellant testified that, as
he came upon Tostevin Street, he looked to the northeast in the
direction of the railway tracks, but saw nothing except some
box cars on the south track. The exact location of the box cars
is not disclosed, further than it appears that one of them was
about 50 feet southeast of the crossing, and that it to some ex-
tent interfered with the view toward the southeast. The pres-
ence of box cars on the south track is shown by other witnesses
than appellant. As appellant entered Tostevin Street and

looked to the left, he saw an automobile approaching from the south. The automobile passed him very near to the south track, and had proceeded about 150 feet from the north track when the collision complained of occurred. Appellant testified that he looked toward the tracks and first saw the engine on the north track when his horse had gone upon the main track,— that is, the north track; but that he saw a dark object which he thought was a box car. His horse was on the track when he discovered that the dark object was an engine, and not a box car. He saw the wheels of the engine when he looked down. Testimony was offered which tended to show that the engine was moving about 25 miles per hour. When he discovered the approaching train, he applied the whip to his horse, but was unable to clear the track in time to prevent the collision of the vehicle therewith. The injuries he received were severe.

The driver of the automobile testified that, when he arrived at the crossing, he saw the train, about 300 feet from the crossing, approaching at a rate of speed of about 25 miles an hour. The difference between the north and south tracks on Tostevin Street is eight feet. The automobile passed appellant just as he was driving upon the south track. The court directed a verdict in favor of the defendant, on the ground that appellant was guilty of contributory negligence. The collision occurred in the evening, between sundown and dusk. Appellant, the occupants of the automobile, and one other witness testified that no bell or whistle was sounded for the crossing, and that the engine did not display a headlight.

It is obvious from the foregoing statement that the view of appellant to the east was unobstructed for a distance of 50 feet south of the south track of appellee's railway. His view to the southeast,—that is, looking toward the elevator,—must have been obstructed to some extent at that point by the box car nearest the track. There was, however, nothing to prevent him from seeing the approaching train by the time and before he reached the south track. He admitted that he saw the train on the north track, but thought it was a box car, and did not stop. Nothing is shown in the evidence that would have diverted appellant's attention or prevented him from seeing the approaching train. The dark object he saw on the track was the ap-

proaching train which the driver of the automobile that preceded him but an instant across the track saw and recognized for a distance of 300 feet.   Appellant was proceeding slowly, and, as stated, there was nothing to intercept his view, or to prevent him from discovering that the dark object was an approaching train.   The effect of the testimony is to show that he drove upon the track in front of an approaching train, in clear view of the train, and that he did so because he thought the object he saw on the track was a box car.   A railway crossing is a place of danger, and appellant was bound to exercise reasonable care for his safety upon approaching it.   He did not take the precaution to ascertain whether the dark object he saw was a box car or an approaching train.   There is considerable doubt as to the presence of a box car as near to the crossing as indicated by appellant; but his testimony must be given its most favorable construction.   It was the duty of appellant to discover, when he had an unintercepted view, whether the object he saw on the track was a box car standing thereon, or whether it was a moving train, approaching the crossing.

We are of the opinion that appellant was guilty of contributory negligence.   The train was proceeding at a rate of speed prohibited by the ordinances of the city of Council Bluffs, and the bell was not ringing, as it approached the crossing. The failure of appellee to display a headlight is not made a ground of negligence.   Nothing is gained by the citation or review of authorities, or by a further discussion of the evidence.

The motion to direct a verdict for the defendant was properly sustained, and the judgment of the court below must be, and is, affirmed.—*Affirmed.*

FAVILLE, C. J., and STEVENS and ALBERT, JJ., concur.

EVANS, J., not participating.