JAMES HANRAHAN, Appellee, v. LUCIEN C. SPRAGUE et al., Appellants.

No. 43126.

NOVEMBER 21, 1935.

868

B. B. Burnquist, for appellants.

Mitchell & Mitchell and Thomas & Loth, for appellee.

RICHARDS, J.—This is a law action for damages sustained by plaintiff when a truck being operated by him came into collision with defendant's caboose at a point where defendant's railroad track crosses a street in the city of Fort Dodge. Plaintiff's cause is based on alleged negligence of defendant in the operation of an engine and two cabooses attached thereto. The accident happened on Eleventh avenue in Fort Dodge, which avenue extends east and west, and is crossed by defendant's railroad tracks. The tracks run in a northwesterly and southeasterly direction where they cross the avenue. The accident happened about 10:30 p. m. on January 6, 1934. There is evidence from which the jury could have found the following: That plaintiff, driving a truck in a westerly direction, was approaching this railroad crossing; that a locomotive headed towards the northwest with two cabooses attached at the rear end of the engine was standing on defendant's track north of the avenue but so close thereto that the rear caboose was very near the north side of the avenue; that as plaintiff proceeded along said avenue and was about to cross the track, the engine and cabooses were put into motion and backed up toward the southeast into and partially across the avenue without any warning and without the ringing of the bell, resulting in the front end of the truck and the rear east corner of the caboose coming into collision with each other, the impact causing plaintiff's injuries; that the collision occurred when the truck was proceeding west near the north curb line of the avenue and the train was moving in a southeasterly direction; that plaintiff had observed that said cabooses and engine were standing still; that there was no ringing of the bell and the whistle was not sounded.

■■■ Defendant assigns as error the giving of instruction No. 5, claiming error because the court submitted therein as a ground of defendant's negligence the failure to ring the bell, when the facts showed the failure to ring the bell, if such failure there was, could not be the proximate cause of the collision, because the appellee at all times for more than 150 yards saw the switching train at or near the crossing with engine attached and smoke coming from the engine and failure to ring bell would have added nothing to the situation. Examining the instruction, we find the court defined to the jury the requirements of section 8018, Code, which provides that a bell shall be placed on each railroad locomotive and shall be rung upon approaching any road crossing and continuously until the crossing is passed. The appellant says there was error in the instruction being given because appellee saw the cars and engine at all times while he was approaching from a distance of more than 150 yards, and that consequently the failure to ring the bell would have added nothing to the situation. We find no error that can be based on this ground or reason assigned by defendant. The engine and cabooses in sight of plaintiff as he approached the crossing were standing still. Plaintiff testified they had been observed standing still in the same location when he had driven across the intersection about 15 minutes prior to the accident. Had the engine and cars been in motion, approaching the crossing, plainly seen by plaintiff, the duty to yield the right of way would ordinarily have been plaintiff's, in order to avoid the collision, and his failure to do so would be contributory negligence barring his recovery, even if the bell was not ringing, as held in Emerick v. Chicago G. W. R. Co., 199 Iowa 464, 202 N. W. 113. But an engine standing still, that has given no signal of movement, is not such a signal of danger that as a matter of law a traveler should have it under observation every moment as he approaches the public crossing. United States Director General v. Zanzinger (C. C. A.) 269 F. 552. Code section 8018 required the giving of a warning by the ringing of the bell when defendant's engine and the cars approached and proceeded over the crossing continuously until the crossing was passed, and making the defendant liable for any damages sustained by any person by reason of neglecting such requirements. There was evidence from which the jury could have found that plaintiff was within his rights in attempt-

ing to cross the tracks in front of the standing engine and cars, and that no signal of movement had been given, and that as plaintiff was about to cross the track the engine and cars were suddenly moved backwards, into plaintiff's truck, without warning or ringing of the bell. This was a state of facts making applicable, to the question of defendant's negligence, the instruction given, setting out defendant's statutory duties, in proceeding across this public crossing. It was not a fact situation in which there was negligence per se on plaintiff's part, preventing recovery, regardless of the failure to ring the bell, as in the cases cited by defendant. We cannot find any error in the fact this instruction was given.

Defendant assigns as error the giving of instruction No. 6 because the same is contrary to the physical facts as shown by the evidence. Instruction No. 6 charged the jury in substance that if they find by the preponderance of the evidence that defendant's employees started the engine and moved the caboose back over the street at a time when plaintiff was engaged in passing over the tracks, then the jury is to consider whether in so doing the defendant's employees were negligent as that term is defined in instruction No. 3. Instruction No. 6 further advised the jury that the duties of defendant's employees were to exercise ordinary and reasonable care under all the surrounding circumstances for the safety of plaintiff and others lawfully using the highway at the crossing in question. Appellant claims the court erred in giving this instruction, not on the ground that it did not correctly state the law, but on the ground that the physical facts were such that the instruction had no application to the case. We find, however, there was evidence from which the jury could have found facts to which this instruction No. 6 would be applicable and that there was no error on account of the grounds assigned by appellant.

■■■ Defendant assigns as error the giving of instruction No. 11, in which the court stated that in considering the issues of negligence and contributory negligence the liabilities, duties, and obligations of railroads and travelers on highway crossings are mutual and reciprocal and no greater degree of care is required of one than the other; that each is required to exercise the same degree of care; but that where the traveler and a train are approaching a street crossing at about the same time, so that if each continues without respect to the other there is

danger of collision, the railroad in such case is given the preference and has the right of way provided that the warning required by law is given and reasonable care is given to avoid collision. The objection made by appellant to this instruction is in these words, ''In giving this instruction, the jury must have been confused as to the law putting the burden on the plaintiff to show his freedom from contributory negligence, and because of that the said instruction was error and prejudicial to the defendants.'' The complaint is not that the instruction is erroneous as a statement of the law, but that the instruction confused the jury in respect to plaintiff's duty to show his freedom from contributory negligence. Such confusion cannot be inferred if the instructions are considered as a whole, because therein the court fully and in detail charged the jury as to plaintiff's duty to prove freedom from contributory negligence on his part as one of the things to be proven by plaintiff before any recovery could be had by him. No error appears in this instruction.

As to the remaining assignments of error, the objections of appellee to their consideration must be sustained on account of failure in several important respects to comply with Rule 30.

The case is affirmed.—Affirmed.

KINTZINGER, C. J., and ALBERT, PARSONS, DONEGAN, and POWERS, JJ., concur.