(No. 4690.   October 24, 1927.)

## MAE COX, Respondent, v. SOLAN COX, Appellant.

[260 Pac. 693.]

DIVORCE—CONFLICTING EVIDENCE—FINDINGS NOT DISTURBED ON APPEAL.
Findings for plaintiff in divorce for wilful neglect will not be
disturbed on appeal, there being abundant substantial evidence,
not documentary, to support them, notwithstanding conflicting
evidence.

APPEAL from the District Court of the Third Judicial
District, for Ada County.   Hon. Dana E. Brinck, Judge.

Action for divorce.   Judgment for plaintiff.   *Affirmed.*

J. P. Pope, for Appellant.

Where wife deserts husband without good cause, the law
does not require husband to support her.   (*Roby v. Roby,*
10 Ida. 139, 77 Pac. 213, and cases cited.)

Where there is no substantial evidence in support of find-
ings of fact and conclusions of law, the decision of the
lower court will be reversed.

C. H. Edwards, for Respondent, cites no authorities.

FEATHERSTONE, Commissioner.—This is an action by
the wife for divorce upon the ground of wilful neglect.
Judgment was for the plaintiff, awarding her a decree of
divorce, custody of the child, and $20 a month alimony for
the support of the child.   Defendant appeals.

The appellant assigns as error: That the evidence is not
sufficient to support the findings of fact and conclusions of

Publisher's Note.

See Appeal and Error, 4 C. J., sec. 2855, p. 883, n. 33, p. 884,
n. 37; sec. 2859, p. 889, n. 84.

Divorce, 19 C. J., sec. 479, p. 193, n. 32.

45 Idaho—4

law, or judgment, in that the evidence shows that defendant supported plaintiff to the best of his ability before she deserted him; that the plaintiff deserted defendant without sufficient cause; that she admitted defendant had a cause of action for divorce for her desertion; that defendant was willing and offered to support plaintiff if she would live with him.

The plaintiff offered evidence to prove that defendant did not support the plaintiff to the best of his ability before she left him; that she did not leave him without cause, but for the reason that he was lazy and neglected to support plaintiff; and that plaintiff left him because she was forced to support herself and also support defendant a large portion of the time.

The record shows that appellant required the respondent to live for a long time in a tent during winter weather; that she worked for the railroad company cleaning cars, also worked in a restaurant, and the money she earned went to buy provisions for the defendant to live on, and for the rent of the home, while the defendant was doing nothing.

The record also shows that while they were living on a homestead, on different occasions plaintiff was ill, and defendant did not get the necessary fuel for a fire, and she was forced to go to bed to keep warm; that on one occasion, while plaintiff was ill, the defendant came to Boise one morning to get medicine for his wife; that he stayed all day and all night at his sister's home, and returned the next day without the medicine and told the plaintiff he had forgotten it.

Appellant cites only one case, *Roby v. Roby,* 10 Ida. 139, 77 Pac. 213, as authority for his contention that defendant was not required to support his wife after she had deserted him without cause; and while we agree that the Roby case is the law under the facts in that case, it has no application here, where the evidence shows that the wife had good cause for leaving the defendant, and the trial court so found.

In the cases of *Black v. Black,* 33 Ida. 226, 191 Pac. 353, and *Walling v. Walling,* 36 Ida. 710, 214 Pac. 218, the court announced the rule that where the material evidence is not all documentary, but is in part oral and conflicting, this court will not disturb the findings of the trial court, if there is substantial evidence to support them.

In this case we find that there is abundant substantial evidence, not documentary, to support the findings of fact and conclusions of law of the trial court.

We therefore recommend that the judgment of the trial court be affirmed, with costs to respondent.

Babcock and Adair, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court. The judgment is affirmed. Costs to respondent.