(No. 5058.  May 7, 1929.)

THOMAS A. SMITH and ELIZA M. SMITH, Appellants,
v. OREGON SHORT LINE RAILROAD COMPANY,
a Corporation, Respondent.

[277 Pac. 570.]

John W. Clark, for Appellants.

Geo. H. Smith, H. B. Thompson and J. H. McEvers, for Respondent.

BRINCK, District Judge.—From a judgment dismissing plaintiffs' complaint, upon the sustaining of a general demurrer thereto, the plaintiffs appeal. By their complaint plaintiffs sought to recover damages for injuries to person and property alleged to have resulted from defendant's negligent operation of a railroad train at a highway crossing, and the ruling of the trial court was based upon the theory that plaintiffs' contributory negligence appeared on the face of the complaint.

The facts alleged were that the defendant's railroad, at the place of the accident, runs north and south and is crossed by a highway running east and west; that on the east side of the main-track of the railroad, and at a distance of 18 feet therefrom, is a spur-track parallel to the main-track, which spur does not cross the highway, but extends from a point south of the highway to a point 400 feet farther south, where it joins the main-track; that from time to time, during many years, the defendant had placed freight-cars upon the spur and permitted them to stand there, and had done so for several days prior to the day of the accident, all of which facts were known to plaintiffs;

that on the day of the accident plaintiffs were approaching said railroad crossing along the highway from the west, driving an automobile carefully and under control, and observed a train south of the crossing made up of an engine with three freight-cars ahead of it and three freight-cars behind it; that no bell, whistle or other signal was given by the defendant as it approached the crossing with its train; that the cars in front of the engine were not equipped with air-brakes properly connected up, that no one was placed on the front of the cars as a lookout, and that these omissions, together with the peculiar make-up of the train, all of which are charged as negligence on the part of the defendant, led the plaintiffs to believe that the train was not upon the main-track, but upon the spur, which did not cross the highway; that, acting under such belief, plaintiffs continued their approach to the crossing, and were about to enter the same when they perceived that the train was in fact upon the main-track and approaching them and that the plaintiffs' attempt, then made, to avoid a collision was unavailing, and the injuries resulted.

The allegations of the complaint being admitted by the demurrer, it must be conceded that the defendant was negligent, at least in not giving the statutory signal by bell or whistle from at least 80 rods south of the crossing (C. S., sec. 4820), and that such negligence, being the proximate cause of plaintiffs' injuries, must render it liable to them for their damages (*Kerby v. Oregon Short Line R. Co.*, 45 Ida. 636, 264 Pac. 377), unless plaintiffs' own negligence contributed to their injuries.

Appellants contend that the alleged negligent acts and omissions of the defendant lulled them into security, and induced in them the false belief that the train was upon the spur-track which did not cross the highway. A traveler upon the highway and approaching a railroad crossing has a right to assume that an approaching train will observe the usual regulations and precautions at the crossing (*Fleenor v. Oregon Short Line R. Co.*, 16 Ida. 781, 102 Pac. 897), but the traveler must still make reasonable use of his senses (*Testo v. Oregon-Washington R. & N. Co.*, 34

Ida. 765, 203 Pac. 1065); and his failure to do so is not excused by the negligence of the railroad company in omitting its statutory duty (*Carlson v. Chicago & N. W. Ry. Co.*, 96 Minn. 504, 113 Am. St. 655, 105 N. W. 555, 4 L. R. A., N. S., 349; *Porter v. Missouri Pac. Ry. Co.*, 199 Mo. 82, 97 S. W. 880; 3 Elliott on Railroads, 3d ed., p. 521).

It is generally held that when there is no obstruction, a traveler upon a highway and approaching a railroad crossing is bound to see what is plainly visible. (*Stein v. Chicago & E. I. R. Co.*, 199 Ill. App. 48; *Monahan v. Johnson*, 197 Ill. App. 633; *Sohl v. Chicago, R. I. & P. Ry. Co.*, 183 Iowa, 616, 167 N. W. 529; *Colorado & S. Ry. Co. v. Tucker*, 173 Fed. 605, 97 C. C. A. 555.) In the case last cited, an engine had gone northward on the track some distance beyond a crossing, and after coupling to some cars backed toward the crossing. The deceased walked on to the track and was struck by the engine as it backed on to the crossing. No signals were being given, and it was there contended that the fact that the engine was a road engine and not a switch engine, that the deceased had seen it moving north and had reason to believe it would continue in its course, and that the proper signals were not given as warning of its approach, lulled the deceased into a sense of safety; but it was held that all the inferences that could be reasonably drawn from such premises will not, standing alone, excuse a pedestrian from adopting those simple precautions for his safety which experience has shown to be so necessary, and which the law has imposed as a duty.

In the case of *Emerick v. Chicago, Great Western R. Co.*, 199 Iowa, 464, 202 N. W. 113, the driver of a vehicle, on approaching a railroad crossing between sunset and dusk, saw a dark object which he thought was a box-car standing on the track some distance from the crossing, the object being in fact an engine moving toward the crossing without signaling. The effect of the testimony was to show that plaintiff drove upon the track in front of an approaching train in full view of it, and that he did so because he thought

the object he saw on the track was a box-car.  The court said:

"A railway crossing is a place of danger, and appellant was bound to exercise reasonable care for his safety upon approaching it.  He did not take the precaution to ascertain whether the dark object he saw was a box car or an approaching train. . . . . It was the duty of appellant to discover, when he had an unintercepted view, whether the object he saw on the track was a box car standing thereon, or whether it was a moving train approaching the crossing."

In this case, plaintiffs' observation of the train was so precise that they observed that the air-brakes between the front cars were not coupled.  Their view at all times was unobstructed, and it would seem that had they utilized a fraction of the close observation which they made of the train, in determining where the train was, they could not have failed to see upon which track it was moving; but in any event, knowing that there were two tracks, and that the train which they saw might be upon either one of them, it was their duty to make sufficiently careful observation to ascertain whether they might safely proceed before they went upon the track.

Of course, contributory negligence is a matter of defense, but where it appears on the face of the complaint that the plaintiffs' own negligence has contributed to the injury, it may be reached by general demurrer.  (*Goure v. Storey*, 17 Ida. 352, 105 Pac. 794.)

Appellants also complain that the judgment was one of dismissal with prejudice.  C. S., sec. 6830, specifies the instances in which an action may be dismissed, among which the sustaining of a demurrer to a complaint is not included.  C. S., sec. 6831, provides that in all other cases judgment must be on the merits.  Defendant was entitled to a judgment on the merits, and appellants have not been prejudiced by the form of judgment rendered.

The judgment is affirmed, with costs to respondent.

Givens, Wm. E. Lee and Varian, JJ., concur.