(No. 5915.   December 22, 1932.)

WAYNE ROWE, Respondent, v. NORTHERN PACIFIC RAILWAY COMPANY, a Corporation, Appellant.

[17 Pac. (2d) 352.]

Cannon, McKevitt & Fraser and C. J. Orland, for Appellant.

Warren Truitt and A. H. Oversmith, for Respondent.

LEE, C. J.—Suit for damages due to collision with standing box-car. Defendant and appellant, Northern Pacific Railway Company, has long maintained a grade crossing over Main Street in the city of Moscow. From the south, it is approached by a standard, twenty foot, gravel highway, the last sixty-five feet thereof consisting of a plank bridge maintained by the city, with the exception of that portion over which appellant's trains operate. In January, 1931, the city installed a modern incandescent light 73.2 feet south of the crossing. About the year 1916, a similar light had been installed by the city 47.8 feet north of the crossing and thereafter maintained by appellant.

At about 12:30 A. M., May 27, 1931, while appellant's freight engine was taking on water at a tank and some of the appendant cars were standing still on the crossing, a new Studebaker sedan automobile owned and driven by one Thomas, approaching from the south, crashed into one of the box-cars, totally demolishing the sedan and inflicting grievous facial injuries upon plaintiff and respondent, Wayne Rowe, who as a guest was sitting in the front seat next to Thomas.

Pleading that by reason of its neglect and failure to comply with the city ordinance requiring appellant to maintain an adequate light adjacent to such crossing, respondent and the driver, Thomas, were unable to see the obstruction in time to avoid the collision, respondent sought damages for his injuries and secured a verdict and judgment in his favor. The railway company has appealed, assigning some twenty specifications of error, primarily charging that the trial court erred in denying appellant's motion for nonsuit.

Appellant's brief contains no tabulated points and authorities. Neither does any one of its specifications of error comply with the announced rules and decisions of this court. However, the main specifications are thoroughly discussed in the body of the brief and supported by relevant authority. For this reason, we will not refuse to consider the appeal. (*Mountain States Implement Co. v. Arave,*

49 Ida. 710, 713, 291 Pac. 1074; *Berg v. Carey*, 40 Ida. 278, 232 Pac. 904.)

It is evident that respondent tried his case upon the theory that appellant knowingly maintained a dangerous condition proximately responsible for the former's injury. The record discloses that both Thomas and respondent had long been familiar with the crossing in question and its condition, having crossed and recrossed it innumerable times, day and night. They were not strangers who, when apprised of an imminent railroad track, are imposed with the duty to "stop, look and listen." Claiming that, thwarted by the glare of the south light, they were unable to see the train until they were "directly underneath the light," they admitted that, although all brakes were immediately set fast, it was impossible to stop the car before the crash. Enlightening are the facts that, so sharp was the impact, the imprint of respondent's teeth were indented upon the steel dashboard, that the new car was equipped with four-wheel brakes, and evidence that the same make of car traveling over the identical route could be stopped in thirteen feet, while going twenty-five miles an hour, and in three feet, while proceeding at five: the distance from the light where the obstruction was first espied to the obstruction itself was approximately seventy-two feet.

If a stranger whose senses report a track ahead is not permitted to assume immunity but must "stop, look and listen," what must be the duty of a familiar who looking cannot see, yet neither stops, listens nor cautiously proceeds? Even, in the case where a municipality is charged with the repair of defects in its walks and highways, although one who suffers injury by reason of a defect therein, of which he has previous knowledge, is not necessarily barred from recovery on account of such knowledge, still the fact of such knowledge demands the exercise of greater care and caution in passing the defective place than, if he had been ignorant of it. (*Osier v. Consumers' Co.*, 41 Ida. 268, 277, 239 Pac. 735; *Cairncross v. Village of Pewaukee*, 86 Wis. 181, 56 N. W. 648.) In the instant case, the victims of this col-

lision were fixed with notice that trains stopped at the water tank and that the crossing was accustomed to be temporarily and legitimately occupied by cars at night.

The conclusion is inescapable that, due to the unfortunate thoughtlessness of the car's occupants and their unwarranted assumption of a clearance at the time not apparent, the car came hurtling through the night with a momentum uncontrollable the remaining distance. The presence of the box-car merely presented a condition: it was not the proximate cause of respondent's mishap. That cause lay primarily in the negligence of respondent and his host. (*Cleveland, C. C. & St. L. Ry. Co. v. Gillespie,* (Ind. App.) 173 N. E. 708; *Hendley v. Chicago & N. W. Ry. Co.,* 198 Wis. 569, 225 N. W. 205; *Orton v. Pennsylvania R. Co.,* 7 Fed. (2d) 36; *Lauson v. Town of Fond du Lac,* 141 Wis. 57, 123 N. W. 629, 135 Am. St. 30, 25 L. R. A., N. S., 40; *St Louis-S. F. Ry. Co. v. Guthrie,* 216 Ala. 613, 114 So. 215, 56 A. L. R. 1110; *Gallagher v. Montpelier & Wells River R. R. Co.,* 100 Vt. 299, 137 Atl. 207, 52 A. L. R. 744.)

Judgment reversed; costs to appellant.

Budge, Givens and Varian, JJ., concur.

Leeper, J., took no part in the decision.