248 P.2d 1063

**SELLARS v. SELLARS.**

**No. 7815.**

Supreme Court of Idaho.
Oct. 7, 1952.

Anderson & Anderson, Pocatello, for appellant.

Jones, Pomeroy & Jones, Pocatello, for respondent.

GIVENS, Chief Justice.

Appellant sued respondent, her husband, for separate maintenance, alleging his refusal to support her, abandonment, and physical mistreatment.

Respondent denied her accusations and cross-complained for divorce on the grounds of her making false accusations of immoral relations with other women and infection with a venereal disease—all causing him mental suffering.

The appeal herein is from the decree granting respondent a divorce, and all appellant's assignments of error center in the contention the evidence is insufficient to support the findings.

The trial judge is the arbiter of conflicting evidence and his determination of

the weight, credibility, inferences and implications thereof is not to be supplanted by this Court's impressions or conclusions from the written record. Piatt v. Piatt, 32 Idaho 407, 184 P. 470; Cox v. Cox, 45 Idaho 49, 260 P. 693; Clark v. Clark, 58 Idaho 37, 69 P.2d 980; Hiltbrand v. Hiltbrand, 68 Idaho 275, 193 P.2d 391.

Appellant urges that accusations of the kind made here, though false, nevertheless if based upon probable cause, would not constitute cruelty. The trial court saw and heard the witnesses and could thus better determine whether there was probable cause and whether the charges were false or baseless, and also determine the effect of the charges on respondent's health.

There was substantial evidence to which the trial court could give credence that there was no reasonable justification or, indeed, any justification for the accusations and that they were false and that respondent's health was injuriously affected thereby.

Conceding that other conclusions could have been drawn, the evidence is sufficient to support his findings and conclusion drawn therefrom, and it would serve no useful purpose to go into the details of the evidence pro or con.

The decree is, therefore, affirmed.

PORTER, TAYLOR, THOMAS, and KEETON, JJ., concur.