326 P.2d 388

**PACIFIC NORTHWEST PIPELINE CORPORATION, a corporation, Plaintiff-Respondent,**

v.

**Ewell J. WALLER and Nell R. Waller, husband and wife, Bankers Life Company of Des Moines, Iowa, a corporation, Defendants-Appellants.**

No. 8568.

Supreme Court of Idaho.

June 4, 1958.

**106**

Elder, Elder, Cox & Mitchell, Coeur d'Alene, for appellants.

Sidney E. Smith, Coeur d'Alene, for respondent.

KEETON, Chief Justice.

Respondent will be referred to as plaintiff and appellants as defendants.

Plaintiff sought in this action, commenced May 31, 1956, to secure by condemnation, a limited right of way and easement across land owned by defendants for the purpose of constructing a pipeline for the transmission of natural gas. Concurrently with the filing of the complaint and issuance of the summons, plaintiff served a notice upon defendants that on June 16th it would apply to the court for an order appointing three commissioners to assess defendants' damages.

Hearing was had as noticed, evidence received, and the court found and decreed that plaintiff was clothed with the power to secure property by eminent domain; that the use of the land sought to be taken was one authorized by law, and appointed commissioners under the procedure authorized by Sec. 7–717, I.C. to assess and determine the damages that defendants would sustain by reason of the condemnation and appropriation of the right of way and easement prayed for.

Both parties appeared before the commissioners at the time and place fixed, introduced evidence, and the commissioners under date of July 16, 1956, determined the amount of damages defendants would sustain by reason of the taking, and filed their report with the district court clerk.

Plaintiff refused to pay the amount fixed by the commissioners, did not take possession of the land sought to be condemned, nor ask that the court grant immediate possession. Defendants then moved the court to enter judgment against plaintiff for the amount of damages determined by the commissioners. The trial court refused.

The issue of damages was thereafter, over defendants' objection, set for trial before a jury, and tried in April, 1957, the only issue to be determined being the amount of damages sustained. The jury returned a verdict for defendants in a lesser sum than the amount found by the commissioners. The court thereupon entered judgment and decree of condemnation and awarded damages in the amount determined by the jury, to bear interest at six percent from and after May 31, 1956.

In specifications of error, defendants contend that the damages should be the amount fixed by the commissioners and not the amount determined by the jury, and submit the following question for decision:

"Is a condemning party at liberty to voluntarily seek the appointment of commissioners to determine the award due a condemnee, and then obtain a jury trial on the same question without ever excepting or objecting to the commissioners' award when it has been duly filed?"

Sec. 7–717, I.C. provides:

" * * * that at any time after the commencement of proceedings in the district court, as provided for in this chapter, to condemn property, and upon ten days' notice to the adverse party, the district court or the judge thereof may appoint three disinterested persons, who shall be residents of the county in which the land is situated, as commissioners to assess and determine the damages that the defendant will sustain by reason of the condemnation and appropriation of the property described in the complaint, * * *".

The commissioners so appointed having heard the evidence as to the damages sustained shall report in writing their proceedings. This was done in this case.

If the condemnor offers to pay the amount found due (by the commissioners), and in case of defendant's refusal to receive the same, deposits the money with the clerk of the district court to abide the result of the action, the plaintiff may by decree of the court then enter upon and take possession and use, property mentioned in the complaint. Sec. 7–717, I.C.

Unless the condemnor elects to pay the money and take possession of the ground, it is not bound by the findings of the commissioners. The fixing of the damages by the commissioners is a summary proceeding to allow the condemnor, at his option, and under prescribed procedure, to go into possession after the landowner has been fully safeguarded.

When the condemnor refuses to abide by the finding of the commissioners he does not secure possession of the land before the damages have been ultimately determined, and is entitled to have his remedy prosecuted in a district court proceeding before a jury as in a civil action.

After the commissioners have made an award, either party may refuse to be bound thereby and the remedy of a jury trial is common to both parties. Pyle v. Woods, 18 Idaho 674, 111 P. 746, 750, syl. 3 and 4; Sec. 7–717, I.C.

If the condemnor refuses to be bound by the commissioners' findings, he may refuse to tender the money or to deposit it with the clerk. Both parties, or either, having refused to abide by the commissioners' determination, the cause may be set for trial, the same as any other civil action.

A specific exception or objection to the commissioners' award by the condemnor

is unnecessary. The condemnor objects by simply refusing to pay the money, and asking to have the issue tried before a jury. Under such circumstances the question of damages is for the jury's determination. 29 C.J.S. Eminent Domain § 268, p. 1246. In Pyle v. Wood, supra, the court said:

"After the assessment of damages by the commissioners the company was not obliged to pay the award if it was dissatisfied with the amount assessed, but might have gone before the court and jury and had the damages assessed in the usual way."

In our opinion the procedure prescribed by Sec. 7-717 I.C. was followed in this case.

Defendants also challenge instructions Nos. 6 and 9 as erroneous; further, that the court refused to instruct the jury as to the proper dates to be considered.

There is no merit to defendants' contention that the jury was not instructed as to the true date when the damages would accrue.

By instruction No. 17, the court fixed the accrual date of the damages as of the date of the summons, that is, May 31, 1956. Other references in the instructions given also fixed this date.

By instruction No. 8, the court correctly instructed the jury how to determine the value of the land actually taken, that is, its market value and in instruction No. 9, ele-

ments to be considered in determining severance damages to the part not taken, and in the closing part of the instruction used the following language:

"You are further instructed that you are not to undertake to compute, consider or make an award for any possible future claims for damages which may or may not arise by virtue of any circumstance between defendant, his successors in interest, or employees or tenants, and the plaintiff, because the plaintiff would be liable in damages for any injuries caused by its negligence."

■ The landowner is entitled to recover for damages which will accrue to the remainder of his land because of the severance, which would include future damages proved, if any. Such damages would not include future claims arising because of a negligent operation of the pipeline. No clarifying instruction was requested and other instructions fully covered the rules applicable to determine the value of the land taken and damage to the remainder because of the severance.

■ Instructions must be considered together as a whole, and where the instructions as a whole clearly state the law, no reversible error is committed. Tyson Creek R. Co. v. Empire Mill Co., 31 Idaho 580, 174 P. 1004.

Defendants' assignment of error No. 3 is:.

"The Court erred in allowing into evidence a great deal of testimony relative to the value and condition of appellants' lands on dates subsequent to the date of the complaint and summons."

This assignment is too general to warrant any extensive discussion. It evidently refers to testimony received of damages subsequent to the date of the summons. The defendants first introduced evidence of damages subsequent to that date. Plaintiff introduced evidence in opposition thereto. Plaintiff did not take possession of the land until sometime subsequent to April 1957. A reading of the transcript discloses that there was no evidence received over objection that could have prejudiced defendants. In fact, the evidence objected to and admitted, was favorable to. them, and if erroneously received no harm was done.

We have examined the record and contentions made and find no reversible error.

In a condemnation suit, the condemnee is entitled to his costs. Independent School Dist. of Boise City v. Co. B. Lauch Const. Co., 74 Idaho 502, 264 P.2d 687, and cases therein cited.

Judgment is affirmed. Costs to appellants.

PORTER, TAYLOR, SMITH and Mc-QUADE, JJ., concur.