354 P.2d 759

Clifford YEAROUT, Plaintiff-Respondent,

v.

CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD CO., a corporation, Defendant-Appellant.

No. 8806.

Supreme Court of Idaho.

Aug. 5, 1960.

Rehearing Denied Sept. 8, 1960.

Elder, Elder & Mitchell, Coeur d'Alene, for appellant.

McFarland & McFarland, Coeur d'Alene, for respondent.

TAYLOR, Chief Justice.

About 6:00 p. m., June 20, 1956, a truck owned and driven by plaintiff's (respondent's) son, was struck by defendant's (appellant's) train at a crossing on U. S. highway 95A in St. Maries. Plaintiff was a passenger, riding in the cab of the truck on the righthand side. The train approached the crossing on a righthand curve and from the right side of the truck. Both truck and train approached the crossing at a low rate of speed, approximating four to five miles per hour. The truck had nearly cleared the crossing when it was struck near the right rear wheels. Plaintiff was thrown against the windshield, suffering injuries to his head and neck, for which he sought and obtained a judgment in the trial court in the amount of $5,248.29.

Defendant brought this appeal, assigning as errors the rulings of the trial court denying its motion for nonsuit, motion for directed verdict, and motion for judgment notwithstanding the verdict, all on the ground that the proof showed contributory negligence on the part of the plaintiff.

The evidence does not indicate that plaintiff had any control, or right of control, over the driver in the management of the

truck, nor that the occupants were engaged in a joint enterprise. Plaintiff produced evidence to the effect that there was brush, willows, and small trees growing in and upon the right of way of the defendant, adjacent to the track and highway, which obstructed the view of the occupants of the truck so that they could not see the approaching train, and also that the operators of the train did not ring a bell or sound a whistle, as required by statute. Defendant produced evidence to the effect that the bell on the diesel engine was ringing and the whistle was being blown, in full compliance with the statute at, and prior to, the collision; that the vegetation and brush between the highway and the track in the line of vision of the occupants of the truck during the last 150 feet of their approach to the crossing, was so low in height (4 to 5 feet) compared to the diesel locomotive (14½ feet) that the view of the occupants of the truck was not obstructed; that the approaching train was clearly visible to the occupants of the truck while yet over 200 feet from the crossing; that the plaintiff failed to look for the approaching train, or to see what was plainly visible, or to heed what he did see if he did look. The statutes governing the duties of the operators of the train and the driver of the truck, in pertinent part, are as follows:

"A bell of at least twenty pounds weight must be placed on each locomotive engine, and be rung at a distance of at least eighty rods from the place where the railroad crosses any street, road or highway, and be kept ringing until it has crossed such street, road or highway; or an adequate steam, air, electric or other similar whistle must be attached, and be sounded, except in cities, at the like distance, and be kept sounding at intervals until it has crossed the same, under a penalty of $100.00 for every neglect, to be paid by the corporation operating the railroad, which may be recovered in an action prosecuted by the prosecuting attorney of the proper county, for the use of the state. The corporation is also liable for all damages sustained by any person, and caused by its locomotives, trains or cars, when the provisions of this section are not complied with." I.C. § 62–412

"(a) Whenever any person driving a vehicle approaches a railroad grade crossing under any of the circumstances stated in this section, the driver of such vehicle shall stop within 50 but not less than 15 feet from the nearest rail of such railroad, and shall not proceed until he can do so safely. The foregoing requirements shall apply when:

\*    \*    \*    \*    \*    \*

"4. An approaching railroad train is plainly visible and is in hazardous

proximity to such crossing. * * *"
I.C. § 49–747.

The failure of the operators of a train to give the statutory signal is negligence per se; likewise the failure of a driver of a motor vehicle to comply with the statute is negligence per se. The evidence was conflicting as to whether the whistle was blown and the bell was sounded. We are bound by the jury's finding against defendant on this issue. However, assuming the defendant did not give the statutory signal, such fact did not relieve the driver of the truck from his obligation to comply with duties imposed upon him by statute. Whiffin v. Union Pac. R. Co., 60 Idaho 141, 89 P.2d 540. In that case the duty of a driver approaching a crossing was stated as follows:

"A person approaching a railroad-highway crossing, a danger and itself a warning, is required to exercise reasonable care for his safety, and to look and listen from a place of safety, and if necessary so to do, stop, and look and listen from a point where his observation is effective, and from where had he looked he could have seen, or heard had he listened. He may not go onto the crossing without reasonably using his senses, and while in a place of safety must effectively look and listen, and make sufficient careful observation to ascertain whether he may safely proceed before going upon the track, in order to avoid any possible accident from approaching trains, and his failure to do so is not excused by the railroad company omitting its statutory duties. While he need not necessarily keep his eyes continuously upon the railroad track, where there is no obstruction the traveler is bound to see what is plainly visible. Anyone who fails to observe the above caution, or thoughtlessly goes upon a crossing, his mind not then being diverted by anything not under his control, or chargeable to the railroad company, or which should reasonably be guarded against by the railroad company, as a hazard at the crossing, is guilty of contributory negligence, depriving him of the right to recover for any injury occasioned thereby." 60 Idaho at pages 154–155, 89 P.2d at page 546.

In Ralph v. Union Pac. R. Co., 82 Idaho 240, 351 P.2d 464, quoting from Wheeler v. Oregon R. & Nav. Co., 16 Idaho 375, 102 P. 347, we again recognized the rule that neglect of the train operators to blow a whistle or sound a bell does not relieve a highway traveler of the consequences of his own negligence.

In Stowers v. Union Pac. R. Co., 72 Idaho 87, 97, 237 P.2d 1041, 1047, we said:

"The decisions of this court and of the courts of other states which re-

quire that the traveler must look attentively or effectively up and down the track before attempting to cross when a train is approaching stress that the traveler is chargeable with what he could have seen had he so looked and with hearing what he would have heard had he so listened; in other words, where he looks and listens but does not see or hear the approaching train *which is in full view,* Lawrence v. Denver & R. G. R. Co., 52 Utah 414, 174 P. 817, or which is *plainly visible,* Smith v. Oregon Short Line R. R. Co., 47 Idaho 604, 277 P. 570, it will be presumed that he did not look or listen at all or, if he did, that he did not heed what he saw or heard; such a rule is predicated upon the assumption that by the exercise of ordinary care, the effective use of his senses, he could have seen the approaching train which was in full view or plainly visible."

■ The plaintiff and his son both testified they looked for, but did not see or hear, the approaching train. The driver did not "stop, look and listen" at any point within fifty feet of the track, where he could have effectively observed the train, had he done so. However, the negligence of the driver cannot be imputed to the plaintiff, since plaintiff had no control, or right of control, over the driver in his operation of the truck. Valles v. Union Pac. R. Co., 72 Idaho 231, 238 P.2d 1154; Miller v. Union Pac. R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285. The latter case was one brought by the administrator of the estates of a deceased husband and wife, killed in a railroad crossing collision. The Supreme Court affirmed the trial court in dismissing the action, insofar as it sought recovery for the death of the husband, on the ground of the husband's contributory negligence, saying:

"* * * We need do no more than refer to the case of Northern P. R. Co. v. Freeman, 174 U.S. 379, 19 S.Ct. 763, 43 L.Ed. 1014, where a person killed by a moving train at a railroad crossing well known to him, with the coming train in full view which he could have seen while forty feet distant from the track if he had looked, was held guilty of contributory negligence because, putting aside the oral testimony, these facts demonstrated that either he did not look or took the chance of crossing before the train reached him. '* * * He did not look; or, if he looked, he did not heed the warning, and took the chance of crossing the track before the train could reach him. In either case he was clearly guilty of contributory negligence.'" 290 U.S. 231, 54 S.Ct. 173, 78 L.Ed. 288.

The court reversed and sent the case back to the district court for trial as to the death of the wife, holding that the negligence of

the husband was not imputable to her, and said:

"* * * Whether a passenger or guest in a public or private conveyance, having no control over its movement, may be denied a right of recovery for personal injury or death on the ground of contributory negligence, depends upon his own failure to exercise a proper degree of care, and not upon that of the driver. * * *

"Here the wife was not in control of the movement of the automobile. She could only note the danger, warn her husband, and urge him to stop. She may have done so, and he, misjudging the situation or taking the chance, have gone forward nevertheless. Or she may have seen the approaching train, observed that her husband was also aware of the fact and, relying upon her knowledge of his habits and character, trusted him, with good reason, until it became too late to interfere, to do whatever was necessary, to avoid the danger." 290 U.S. 232, 233, 54 S.Ct. 173, 78 L.Ed. 289.

In Ineas v. Union Pac. R. Co., 72 Idaho 390, 241 P.2d 1178, Ineas was a passenger, riding in the cab of a truck as was plaintiff in this case. The duty of care and watchfulness resting upon a passenger under such circumstances was there set out as follows:

"Conceding * * * that Ineas as a passenger in the truck was not under the same or similar duty or obligation of care and watchfulness that the driver was, he, nevertheless, was charged with exercising reasonable care and caution for his own safety and this required him not to rely blindly upon the exercise of care and caution by the driver, but to take heed of all those facts and circumstances which were plainly visible to him and as much of a warning to him as to the driver, and in connection therewith, the driver's acts; (citations)." 72 Idaho at page 399, 241 P.2d at page 1184.

■ The evidence—regarding the presence, location and character of the foliage, brush and trees, which plaintiff claims obstructed his view—is conflicting. Such evidence tends to indicate that the higher growth was farther to the north and to the right of the line of vision of the occupants of the truck from the time they had reached a point 120 feet from the crossing to the time of collision. There was evidence that some higher trees or brush had been cleared away after the accident, but the location from which such higher growth was removed is either not fixed by the record, or is in conflict. However, through the course of the last fifty feet of their approach to the crossing, the occupants of the truck had a clear and unobstructed view along the track in the direction from which the train was coming. If

plaintiff was watching for the train, which he said he was, under the rule as announced in Stowers v. Union Pac. R. R. Co., supra, he was bound to see the plainly visible train. The truck traveling at the low rate of speed could have been stopped at any time during that last fifty feet of its approach to the crossing. Being thus charged with knowledge of the approaching train, in the absence of an emergency situation, it became plaintiff's duty to warn the driver, or to take other appropriate action to avoid the injury. Plaintiff's failure to do so constituted contributory negligence. Hooker v. Missouri Pac. Ry. Co., 134 Kan. 762, 8 P. 2d 394; Chipman v. Missouri Pac. R. Co., 195 Ark. 721, 114 S.W.2d 14; Waters v. Chicago, M. & St. P. R. Co., 189 Iowa 1097, 178 N.W. 534; Jorgenson v. Minneapolis, St. Paul & S. S. Marie Ry. Co., 231 Minn. 121, 42 N.W.2d 540; Martin v. Yazoo & M. R. Co., La.App., 181 So. 571. See also, annotations 18 A.L.R. 309, 22 A.L.R. 1294, 41 A.L.R. 767, 47 A.L.R. 293, 63 A.L.R. 1432, 90 A.L.R. 984. Plaintiff was not confronted by an emergency; the low speed of both the train and the truck afforded him time to act, and the record shows that both he and his son, the driver, were familiar with, and aware of the presence of, the crossing. Cf. Miller v. Union Pac. R. Co., supra; Sadler v. Northern Pac. Ry. Co., 118 Wash. 121, 203 P. 10.

Appellant's motion for judgment notwithstanding the verdict should have been granted.

The judgment is reversed and the cause is remanded with directions to the trial court to dismiss the action.

Costs to appellant.

SMITH and McFADDEN, JJ., concur.

KNUDSON and McQUADE, JJ., dissent.